The next case, number 22-1076, United States v. Christopher Saemisch. At this time, if counsel for the appellant will introduce herself on the record to begin. Good morning. May it please the Court? My name is Zanna Burumala, representing the appellant, Mr. Christopher Saemisch. I would like to reserve two minutes for rebuttal, please. You may. Thank you. Restitution is set by the district court, and the government can only enforce what the court has ordered the defendant to pay. As the courts in Henderson and Armstrong found, where a restitution order sets out a payment schedule and does not require payment due in full immediately, payments over and above those amounts in the schedule are not currently due, and thus there is no immediately enforceable obligation to pay the full restitution. Doesn't that position, counsel, ignore the language of 3664M, which creates a special circumstance and a congressional directive as to what a court should do when the condition of that statute is met? Yes, but in this case, it was not met. Why wasn't it met? 3664N applies when there is an obligation. Here we start with the language of the judgment. The judgment says payment is to begin immediately, but it also says that No, no, no, but what does 3664N say? 3664 says that when there are substantial resources come into a prisoner's possession, the court shall, mandatory language, the court shall apply those to outstanding orders for restitution. Doesn't that, isn't that, it's a simple statute. Isn't that what it says? It does, except the first part of 3664N discusses if there is an obligation, and as the courts in Henderson are Well, there is a restitution obligation. Where is restitution owed in this particular case? But the language of the judgment limits how much the government can enforce. So there is a payment schedule here. So you think that a payment schedule is a limitation on 3664N? Absolutely. If there is a payment schedule Is there any case that even intimates that? Yes. I cited both Henderson and Armstrong that specifically discussed both 3664N and the language of the payment schedule, and also the fact that the judgment doesn't say payment is due in full immediately. Can I ask you something just so I'm getting confused on one point? And I want to make sure I understand your argument. One possibility is that N is saying that the money you come into post the restitution order shall be applied to restitution without addressing the manner of payment of the restitution of those new funds. So in other words, those funds aren't now outside the obligation to pay restitution just because you came into them late. And then K would address how you might order them to be paid if there's an existing payment plan because you could modify the existing payment plan. There was no motion under K here. Right, correct. So is your argument that those new funds are subject to restitution, but there just needs to be an order that explains how they're to be paid, otherwise they're to be paid through the existing payment plan, which is the prison plan that he's got? Or are you saying something different? No, that's exactly what I'm saying. Okay. The language of the judgment sets a cap on what the government can enforce. The language here was that Smish had to pay according to the FRP, and Mr. Smish was not in default. As long as he continued to make those payments, there was nothing for the government to go after under 3664N. Now, if the government did want to reach these additional funds, they could have filed a motion to modify the adjustment, excuse me, the payment schedule under 3664K. And the key thing is whether that federal bureau of prison's inmate financial responsibility program is itself a payment schedule. Yes. That has to be true for your argument to work. Yes. And it also has to be true that the district court ordered that to be followed so it wasn't just a voluntary choice on the part of the defendant and, therefore, is a payment schedule that was ordered by the district court. You're contending both things, correct? Correct. And, Judge Barron, I think you're referring to the Lemberger case where the defendant basically volunteered to participate in the FRP. It was not mandated by the district court. So there was no payment schedule in that case. Exactly. Here, Mr. Smish did not have an option to meet the obligations of the… And if the government then wanted to include these funds in some way that wouldn't just track the existing payment schedule that you're contending was ordered, the judge could have done that on his own motion under K, but that just wasn't done here. Right. And could you just explain what's the practical, if your interpretation is right, what's the practical import of it, of having it done through K rather than N? Would there have to be a hearing? Would the inmate then have a chance to say, look, I know I came into $50,000, but I've got a child who's in urgent need of medical care, and if you take all of it, she's out of luck? I mean, just what's at stake in whether we do this through K or N? So K is triggered by a material change in economic circumstances of the defendant, and it also requires an interest of justice analysis. So when you look at N in isolation, it doesn't consider any of that. There's, like, stark language in N that this money must be applied. But under K, in the interest of justice analysis, you would expect that you would consider the defendant's obligations, his liabilities, in addition to his assets. And in essence, that really meets the goal of the MVRA as a whole. Victims are entitled to timely and full restitution. But counsel, if that's so, then N is, on that interpretation, N is completely surplusage. If K is triggered by any material change in the defendant's economic circumstances and the acquisition of substantial resources is certainly a material change, then N serves no purpose at all. N does have a purpose. It just doesn't have a purpose here because of K. Tell me what the purpose of N is. The purpose of N would apply if the judgment said payment of restitution is due in full immediately. But K would cover that circumstance because there would be a material change in economic circumstances when the substantial resources came in. So what I'm saying is that on your interpretation, as I see it, N is completely useless because any situation you composite under your interpretation of N would be taken care of by K, and Congress wouldn't have had to go on and act N. Well, K is in effect, again, as I mentioned before, material change in economic circumstances, but also if there's an adjustment of the payment schedule. N doesn't necessarily require that. What does N address that the language material change in circumstances does not? Because N is clearly, on your reading, what N is doing is making clear that something that might have been arguably outside the restitution order now is not outside the restitution order or outside the obligation to pay restitution. But Judge Selye's question to you is isn't that already taken by the prefatory language in K, which says that anything that's a change in economic circumstances also can be the basis for it. So what is N doing that language in K is not doing with respect to a windfall of money coming in being subject to restitution? So N doesn't consider a defendant's obligations, which seems to be in conflict with the entirety of 3664, which is the enforcement arm of the MVRA. K applies when there is a payment schedule already in place, and it allows the district court to adjust the payment schedule. Let me just ask you one last. If the reading of N that you're opposing were correct, and that N requires that not just that it be applied to restitution, but that it be paid immediately, wouldn't that mean that a judge would not be able to impose a payment schedule on the type of money that came in through N? Judgment, can you repeat that question to make sure I'm understanding it? Maybe it's a better question for the government, because it seems to be a problem potentially with the government's position if they're saying N requires not just that you treat those funds as subject to restitution, but actually requires they be immediately paid. Because if that's what the language of N must be read to say, because it's mandatory, shall, that would seem to imply uniquely as to that set of funds, a judge can't even impose a payment schedule if he wished, which would be surprising to me. Yes, which is why we're saying the appropriate procedure under here was 3664K, because it is the responsibility of the court to determine what restitution is owed and how that restitution should be paid. Well, are you saying that N and K should work in conjunction with one another? In other words, that there should be a scheduled hearing to apportion the equities, and then any money that doesn't fall within the equitable bounds should then be paid from the money that the defendant received? I think N in isolation creates a problem because there is this mandatory language. When you look at 3664 as a whole, you look at F, which requires a defendant's obligations to be considered before restitution is set. Look at the interest of justice analysis in K. All together, 3664 basically has a balancing approach. Take a look at defense assets and liabilities and the victim's right to restitution, and let's come to a more balanced decision as to how restitution should be paid. But Congress purposely didn't do that in N. It did that in several other provisions of the restitution statute, but there's no such language in N. Isn't that significant? I think it's significant if you read N in isolation, but that's not how we read statute. You're just saying it just depends on what the meaning of apply is in N. Sorry, say that again. It depends on what the meaning of apply is in N. Right, it does say the value must be applied. And does that mean immediately paid, or does that mean that money must be now subject to restitution with no discussion of how it's supposed to be paid and when? I think it means immediately paid. I don't think you want to say that, but you said it. Judge Graham, please repeat your question to make sure I understand it correctly, and then I can give you a proper answer. Yeah. With respect to N, the word apply could either mean that the new money you came into shall be applied to restitution. In other words, it doesn't stand outside of restitution. There is an obligation to pay it as restitution, without speaking to when or how or on what schedule payment should be made. And only K speaks to that question. Correct. Yeah. I do want to add, though, that we don't really need to reach a question of, like, what Congress intended with N and the statutory construction of N, and how value is applied to any restitution that's owed, because we maintain that N doesn't even apply in this case because of the language that existed in the judgment. Okay. Thank you. Thank you, counsel. At this time, Attorney Kay, please introduce yourself on the record to begin. Good morning. May it please the Court. Raquel Kay on behalf of the United States. I'd like to start by addressing your question, Judge Barron, about how Section 366N relates to the payment schedule in a restitution judgment. Congress provided many avenues for the collection and enforcement of restitution under the Mandatory Victims Restitution Act. One of those avenues is a payment schedule that a judge might include in the judgment. Another one of the many avenues is Section 3664N. The District Court's amended judgment was not written to replace the explicit statutory authority for turnover here, most notably in 3664N, which, as Judge Salia observed, provides that a defendant who is ordered to pay restitution shall be required to apply substantial resources from any source to the payment of restitution. So what does apply mean? Does that mean pay? That means pay. And what supports that textual reading, that apply means pay? I think that that's a plain reading. It's not as plain as pay. It's not as plain as pay, but I think when you look at the multiple different. . . Because wouldn't your reading mean that with respect to those new funds, Congress was saying a judge couldn't even impose a payment schedule as to those new funds? Yes. Yes, and wouldn't that be strange because that would be the only types of funds for which no payment schedule could be set by the judge? In other words, if you came into a lot of money before the restitution order, you could have a payment schedule for it. If the day after you got the same payment, he couldn't do a payment schedule, what would be the logic of setting it up that way? Well, I think there's many enforcement mechanisms under the MVRA that are set up that way. So, for example, the MVRA is very broad. Under 3613A, you can enforce restitution against all of a defendant's property and rights to property notwithstanding any other law. The exemptions in the statute are very limited. Not an exemption, a payment schedule. Is there any payment that a judge has no discretion to put on a payment schedule other than N on your reading? Yes. I think if you were doing an order of garnishment against a retirement account, for example, under the FDCPA, that would not be. . . No, no, under this statute. Well, the FDCPA is brought in by 3613A, so that's an enforcement mechanism that is provided to the government to enforce restitution by this statute. Counselor, I really don't think you want to die on this hill, because assuming that apply does mean pay, which has an interpretation that has a lot to commend it, in this particular case, the judge applied it immediately. So there's no issue here as to deferred application or installments or payment schedule. That is correct. Well, it just depends whether all N is saying is that it's applied, and then K is the only means of modifying an existing ordered payment schedule. So there's the payment schedule, which is one method for enforcing. . . You're reading N to be a non-discretionary obligation of the district court to immediately order payment of those particular funds, correct? Yes. Yes, and that is. . . If the statute, if the elements. . . If it's when it's met. . . If there's substantial. . . Yes. When N is met, the district court has no discretion, but to order immediate payment of those particular funds, notwithstanding whatever payment schedule was worked out with respect to all other funds in the case. I don't think it's accurate to say, with respect, of course. . . I don't think it's accurate to say that the purpose of the payment schedule is to cover all other funds in a case. It is common for defendants to have new assets that arise over the course of the 20 years that a restitution judgment is enforced. And those are all covered. . . For other assets that have not been. . . Those are all covered. If you're changing economic circumstances in a case, you've got a new. . . Somehow there's economic circumstances improved other than this sudden windfall that N is talking about, right? That is all under K in which a payment schedule can still be ordered and K contemplates a modification to the existing payment schedule as if that pre-ordered payment schedule would apply to that change in circumstances, right? But the government also gets a lien that arises immediately. But the lien just. . . Again. . . But that's not a payment requirement. That's to make sure that they don't lose control over the funds, which makes all the sense in the world. We're talking about two different things, whether you have to pay and when and under what time schedule. If the lien. . . If a payment schedule means that the government is also not separately able to enforce its lien, that means that a defendant could have new creditors come in. The government is prohibited by the judgment from enforcing its lien, and those creditors could get ahead of the victims. And couldn't K change that? You just would modify the payment schedule to avoid that very problem by going through K. I mean, the practicalities in the world would mean that you don't have a lien on that property. The lien is filed by the other. . . Well, it doesn't mean you don't have a lien. It means you just use K in order to enforce the lien and order the payment. Yes, and then. . . My concern is you don't disagree that there are certain funds that are exempt from payments, such as half of a prisoner's earnings, do you? Prison earnings. Prison earnings? Yes. I don't think that. . . Prison earnings aren't. . . It depends on which statute. I mean, prison earnings aren't at issue here because the. . . Well, they are an issue here. I'm saying that because they're commingled. There's one account, and there's commingling possibility. So if the court had had a hearing, the court could have determined what portion of the fund constituted possibly exempt funding versus what funds the court could reach pursuant to N. So the source of the funds that were subject to N were not in dispute here because Mr. . . . Well, the amount was not subject to dispute, but the source in terms of what was in the account I thought was subject to dispute. The amount in the account was less than the amount of the funds that would have been subject to N. And therefore the person didn't get the full recovery. I don't know what that means from the record before us, why the amount that was deposited was in fact less than the defendant was saying was the amount of the award. The defendant did attach an account transcript to his response, and I think it just reflected funds that were spent over. . . between the time that the funds subject to N were deposited into the account and the time that the government saw turnover. But Judge Thompson's point I think is absolutely correct because the substantial resources figure that the district court ordered turned over appears to me to commingle the loss settlement, the COVID payments, and some prison earnings, and I can't tell what amount. And if the prison earnings shouldn't be counted as part of substantial resources, and I don't think there's a credible argument that they should, then that's got to be sorted out at the very least, doesn't it? Well, money is fungible, so as soon as funds go into an account, they're of course going to be commingled. So the government is arguing that prison earnings are part of substantial resources? If a prisoner gets paid at a very meager hourly rate for some prison work, that accumulation, and he husbands the money, that accumulation can become substantial resources? The statute is written very broadly in substantial resources. Could you just answer my question? The government's position is that prison earnings can become substantial resources? I don't think that we need to reach that in this case. Well, we do have to reach it in this case, because I can't tell to what extent they're included in the judge's order. Are you just saying that as long as the order doesn't ask for more than the windfall amount, we just treat all of that fungible money as the windfall amount, and if it went more than that, then we would know it was reaching into the purse? It does ask for more than the windfall amount. That's the problem. Yes, Your Honor, and I see my time is up, but if I could just address Mr. Cassellia's comment about the motion asking for more than the windfall amount, it actually did not. The amount in the account at the time was about $10,900 and change, and the amount of the lawsuit recovery and the stimulus funds were approximately $12,000. And so the amount that was in the account was less than the amount of the windfall. Could you just clarify to me, those two figures, do those figures represent the actual amount of money the defendant actually received versus anything that may have been deducted for, say, for instance, attorney's expenses before final payout was made to the defendant? Those amounts reflect the actual amounts that were received and deposited into the defendant's inmate trust fund account. Thank you. Thank you, Your Honor. Xanabu Ramallah for the appellant, Mr. Christopher Smish. I wanted to touch upon the panel's questions regarding the prison wages and whether they qualify as substantial resources. They do not. There's been consistency in the case that prison wages do not qualify as substantial resources. We do have an issue here that the funds were commingled. We have the payments, the stimulus payments that Mr. Smish received, his lawsuit proceeds, and his prison wages. But if there is no parsing out of the source, the individual sources and the amounts attributable to those sources, then the government really could use N as an end run around the requirement that prison wages aren't allowed. How do you address their argument that the amount of the so-called windfall was greater than the amount that was in the account at the time it was deducted? That is correct. The amount of the windfall was greater, but if you look at Mr. Smish's transaction report, it started out with prison wages, and then after that you added the lawsuit proceeds and the stimulus payment. So, again, it's all commingled. But is the amount ordered to be paid any greater than the amount that's the windfall payment? No, it is not. So then who cares if it's commingled? We just assume that the only dollars being taken are the dollars you could take? What would be the accounting that you'd need to do? You could assume that if the court was going to assume. So then there's no problem on that score? Yeah, if the court was going to assume that, it doesn't matter. And, again, we maintain that prison wages do not qualify as substantial resources. But assuming they don't qualify, what would lead us to think that part of the money that was taken was prison wages? Well, if you look at Mr. Smish's transaction report, his account started with prison wages, and then the lawsuit proceeds and stimulus payments were added. And, yes, it is true that the amount the government requested was less than the windfall amount. But we really don't even need to reach the question of whether prison wages qualify as substantial resources, because, again, N doesn't need to apply because of the language of the judgment and the fact that the judgment did not require it. Well, I want to just, before you sit down, I want to make sure I understand this, because I've been asking questions that may not be tracking what you're actually arguing to us. Are you saying that the windfall payment never needs to be paid as restitution? No. So then if you're not saying that, what are you saying with respect to the windfall payment? Are you saying it can be paid as restitution so long as there is an adjustment to the payment schedule? Exactly. Okay. The government can access these funds. They just can't do it through 3664N because of the language of the judgment. They have to go through 3664K. Got it. Thank you. Thank you, counsel. That concludes argument in this case.